IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                           CASE NO. 13-08012 (ESL)

RUBEN TERRON HERNANDEZ                           CHAPTER 7
SYLVETTE PEREZ COLLADO

   Debtors

## OPINION AND ORDER

This case is before the court upon the *Debtors['] Reconsideration Upon the Opinion and Order Granting Motion for Sanctions, Reasonable Expenses and Attorneys' Fees Pursuant to Federal Bankruptcy Rule 9011* [*Sic*] (the "*Motion for Reconsideration*") filed by the Debtors' counsel on June 17, 2014 (Docket No. 53). The Debtors' counsel alleges that the court in its *Opinion and Order*[1] entered on June 2, 2014 (the "*Opinion and Order*", Docket No. 50) misapplied the requirements of Fed. R. Bankr. P. 9011 in light of the different interpretations to which Section 109(g)(2), 11 U.S.C. § 109(g)(2), may be subject, and also that the sanctions are excessive.

### Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

### Procedural Background

The procedural background leading to the *Opinion and Order* is detailed in the same and is incorporated herein. See In re Terron Hernandez, 513 B.R. at 175-179.

### Applicable Law and Analysis

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112

---

[1] The *Opinion and Order* is published at 513 B.R. 172 (Bankr. D.P.R. 2014).

(Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994).   Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b).   See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993).   "These two rules are distinct; they serve different purposes and produce different consequences.   Which rule applies depends essentially on the time a motion is served.   If a motion is served within [fourteen[2]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).   If the motion is served after that time, it falls under Rule 60(b)."   In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243.   Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.")   "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling."   In re Lozada Rivera, 470 B.R. at 113.   Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

Because the *Motion for Reconsideration* was timely filed, it will be considered under Fed. R. Civ. P. 59(e), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted.   Therefore, trial courts have considerable discretion in deciding whether to grant or

---

[2] See the most recently amended version of Fed. R. Bankr. P. 9023.

deny a motion to alter or amend under Fed. R. Civ. P. 59(e).  See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).  Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case.  See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing In re Rodriguez, 233 B.R. at 219.  The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact."  BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision."  In re Schwartz, 409 B.R. at 250 (citations omitted).

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence **or advance arguments that could or should have been presented to the district court prior to the judgment**."  Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted).  Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court.  See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, n.4 (D.P.R. 1999).  In sum, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued."  See Soto-Padró v.

Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted).  Conversely, the court should renew and reconsider whether it "patently misunderstood a party … or has made an error not of reasoning by apprehension."  Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008).  Also see Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 94-95 (1st Cir. 2012) (granting reconsideration in cases of "manifest error of law").  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly."  United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013).

In summary, motions for reconsideration under Fed. R. Civ. P. Rule 59(e) are generally recognized for three grounds: an intervening change in the controlling law, a clear legal error, or newly discovered evidence.  See Soto-Padró, 675 F.3d at 9.

In the *Opinion and Order*, the court concluded that:

> Debtors' counsel filed the second bankruptcy petition for an improper purpose pursuant to Fed. R. Bankr. P. 9011(b)(1), that is, to delay and frustrate the continuance of the foreclosure proceedings in state court of a real property which were being executed by BPPR.  The court also finds that the filing of the second bankruptcy petition was in direct contravention to Fed. R. Bankr. P. 9011(b)(2) and 11 U.S.C. § 704(b)(4)(C), given that these provisions require attorneys, in this case Debtors' attorney, to perform a reasonable preliminary investigation of the facts and the applicable law before filing a bankruptcy petition under Chapter 7 of the Bankruptcy Code.  The court further finds that Debtors' attorney knew that the Debtors had filed a previous bankruptcy case since he filed a motion requesting the extension of the automatic stay pursuant to 11 U.S.C. § 362(c)(3) on the same date as the date the Chapter 7 bankruptcy petition was filed.  Moreover, the Debtors' position and reasoning for requesting dismissal of its prior bankruptcy case and for filing the instant Chapter 7 bankruptcy petition are contradictory.  Thus, BPPR's *Motion for Sanctions* (Docket No. 11) is hereby granted.

In re Terron Hernandez, 513 B.R. at 183.

The *Motion for Reconsideration* does not establish that there was an intervening change in the controlling law, a clear legal error, or newly discovered evidence.  Thus, the M*otion for Reconsideration* is hereby denied to the extent that it seeks to alter the conclusion that the attorney violated Fed. R. Bankr. P. 9011.

-4-

Notwithstanding, the Debtors' counsel also questions the amount of sanctions imposed. At the time of the entry of the *Opinion and Order* the extent of the sanction in monetary terms was not known. The court found that:

> this is the first time, that the court is aware of, that the Debtors' attorney has engaged in conduct contrary to Fed. R. Bankr. P. 9011(b) and Section 707(b)(4)(C) of the Bankruptcy Code. The pattern and conduct of counsel for the Debtors before this court has been characterized by professionalism. This case is an isolated event. Thus, the court admonishes the Debtors' attorney for his conduct, which resulted in unnecessary litigation. The court also imposes as a monetary sanction the amount of reasonable attorneys' fees and costs which BPPR had to incur to present its position on this matter.

In re Terron Hernandez, 513 B.R. at 183.

The court sanctioned Debtors' counsel as follows:

> The court admonishes Debtors' attorney for his conduct and imposes as monetary sanctions the reasonable attorneys' fees and costs in favor of BPPR. BPPR shall file a statement within fourteen (14) days detailing the attorney's fees and costs incurred in opposing the filing this (second) petition.

In re Terron Hernandez, 513 B.R. at 183.

Banco Popular de Puerto Rico ("BPPR") filed a *Motion in Compliance Opinion and Order* detailing attorneys' fees in the amount of $9,151 (Docket No. 52). The Debtors' counsel questions the amount of sanctions in light of the court's findings regarding counsel's pattern of conduct characterized by professionalism. Since the court was not aware of the amount of fees being awarded as sanctions at the time the sanction was imposed, the same are held in abeyance pending a hearing to determine their reasonableness.

Conclusion

In view of the foregoing, the *Motion for Reconsideration* is hereby denied. However, the extent of the sanctions is deferred until after a hearing to determine their reasonableness is held.

SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of October, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge